UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

MELISSA CURTIS,

              Plaintiff,

        v.

GATES COMMUNITY CHAPEL OF
ROCHESTER, INC., d/b/a FREEDOM
VILLAGE USA, and FLETCHER A.
BROTHERS, a/k/a PASTOR BROTHERS,

              Defendants.

**ORDER TO SHOW CAUSE**

6:20-CV-06116 EAW

___

On January 24, 2020, plaintiff Melissa Curtis ("Plaintiff") commenced the instant action against defendants Gates Community Chapel of Rochester, Inc., doing business as Freedom Village USA, and Fletcher A. Brothers, also known as Pastor Brothers (collectively, "Defendants"), purporting to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Dkt. 1).

The allegations contained in the Complaint are insufficient to invoke this Court's jurisdiction. "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotations and citation omitted). The Complaint alleges, in pertinent part, that Plaintiff is "a resident of the Commonwealth of Pennsylvania," "defendant Gates Community Chapel of Rochester, Inc. . . . [is] a corporation formed under

the Laws of the State of New York," and "defendant Pastor Fletcher A. Brothers [is] a resident of the State of New York...." (Dkt. 1 at ¶¶ 6-8). These allegations are insufficient to establish the citizenship of Plaintiff and Defendant Brothers.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile has been described as the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (quotation omitted).

"[I]t is well-established that allegations of residency alone cannot establish citizenship...." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (finding the plaintiff's allegation "that she is a 'resident' of Virginia" insufficient); *see Vargas v. Pers.*, No. 13 Civ. 4699 (KBF), 2014 WL 1054021, at *3 (S.D.N.Y. Mar. 17, 2014) ("The simple statement that he is a 'resident of the City of Kissimmee and State of Florida,' without a showing of his intention to return to and remain in Florida, is insufficient."). "That is because unlike domicile, residency may or may not be permanent. For example, a person may have multiple residences but may only have one true domicile." *Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 389 (E.D.N.Y. 2016). As the Supreme Court has explained, "'[d]omicile' is not necessarily synonymous with 'residence,' . . . one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Thus, courts have repeatedly found that complaints failed to allege diversity of citizenship jurisdiction where the allegations

focus solely on a party's residence." *Vis Vires Grp., Inc.*, 149 F. Supp. 3d at 389-90 (collecting cases).

Therefore, it is hereby

ORDERED that this action shall be dismissed without prejudice and without further order of the Court unless **on or before March 13, 2020**, Plaintiff files an Amended Complaint curing these defects in her jurisdiction allegations.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 2, 2020
Rochester, New York